Gregory C. Black
Annie N. Harris
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street, Suite 301
P.O. Box 509
Butte, Montana 59703
Telephone: (406) 782-5800
Facsimile: (406) 723-8919
Email: gcblack@cpklawmt.com

Attorneys for Defendant Encore Services, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |  |
|---|---|---|
| | * | |
| THE CHIPPEWA CREE TRIBE OF | * | **Cause No. CV 14-63-BMM** |
| THE ROCKY BOY'S RESERVATION | * | |
| OF MONTANA, PLAIN GREEN, LLC, | * | |
| and FIRST AMERICAN CAPITAL | * | |
| RESOURCES, LLC, | * | |
| | * | |
| Plaintiffs, | * | **AMENDED ANSWER OF** |
| | * | **ENCORE SERVICES, LLC** |
| v. | * | |
| | * | |
| ZACHARY ROBERTS, RICHARD | * | |
| LEE BROOME, GORDON JONES, and | * | |
| MARTIN MAZZARA, in their | * | |
| individual capacities, and DESTEL LLC, | * | |
| FRESH START MARKETING, LLC, | * | |
| and ENCORE SERVICES, LLC, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Encore Services, LLC ("Encore") answers plaintiffs' complaint as follows:

**1 – AMENDED ANSWER OF ENCORE SERVICES, LLC**

## FIRST DEFENSE

Plaintiffs' complaint fails to state a cause of action against this defendant and must be dismissed.

## SECOND DEFENSE

For its answer to the specific allegations of plaintiffs' complaint, Encore admits, denies and alleges as follows:

1. Answering ¶ 1, this defendant admits the first sentence. As to the remaining allegations, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

2. Answering ¶ 2, this defendant admits the first sentence. As to the remaining allegations, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

3. Answering ¶ 3, this defendant admits the first sentence. As to the remaining allegations, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

4. Answering ¶ 4, this defendant admits the first two sentences. As to the third sentence, this defendant admits that Roberts traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises. As to the remaining allegations in the third

sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

5. Answering ¶ 5, this defendant admits the first two sentences. As to the third sentence, this defendant admits that Broome traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises. As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

6. Answering ¶ 6, this defendant admits the first two sentences. As to the third sentence, this defendant admits that Jones traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises. As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

7. Answering ¶ 7, this defendant admits the first two sentences. As to the third sentence, this defendant admits that Mazzara traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business. As to the remaining allegations in the third sentence, this defendant is without sufficient

information to form a belief as to the truth of those allegations and therefore denies them.

8. Answering ¶ 8, this defendant admits the first sentence and admits that it sent its agents to Box Elder, Montana to conduct business with the Tribe and its lending enterprises. This defendant denies the remaining allegations in the second sentence which are not admitted.

9. Answering ¶ 9, this defendant denies those allegations other than the allegation that Roberts, Mazzara, Broome, and Jones are not citizens of the state of Montana.

10. Denies ¶ 10.

11. Denies ¶ 11.

12. The allegations of ¶ 12 are made against another defendant, and this defendant is not required to answer those allegations.

13. The allegations of ¶ 13 are made against another defendant, and this defendant is not required to answer those allegations.

14. The allegations of ¶ 14 are made against another defendant, and this defendant is not required to answer those allegations.

15. The allegations of ¶ 15 are made against another defendant, and this defendant is not required to answer those allegations.

16.     The allegations of ¶ 16 are made against another defendant, and this defendant is not required to answer those allegations.

17.     The allegations of ¶ 17 are made against another defendant, and this defendant is not required to answer those allegations.

18.     The allegations of ¶ 18 are made against another defendant, and this defendant is not required to answer those allegations.

19.     Admits ¶ 19.

20.     Denies ¶ 20.

21.     Answering ¶ 21, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.  This defendant alleges that Exhibit A speaks for itself.

22.     Answering ¶ 22, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.  This defendant alleges that Exhibit A speaks for itself.

23.     Admits ¶ 23.

24.     Admits ¶ 24.

25.     Answering ¶ 25, this defendant admits that Plain Green became involved with the Individual Defendants.  The remaining allegations ¶ 25 are

directed at other defendants, and this defendant is not required to answer. This defendant denies all remaining allegations in ¶ 25 not admitted.

26. Denies ¶ 26.

27. Answering ¶ 27, this defendant denies these allegations as they may relate to this entity. The remaining allegations of ¶ 27 are directed at other defendants, and this defendant is not required to answer.

28. Answering ¶ 28, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

29. The allegations of ¶ 29 are made against defendants other than this defendant which is not required to answer those allegations.

30. Answering ¶ 30, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

31. The allegations of ¶ 31 are made against defendants other than this defendant which is not required to answer those allegations.

32. The allegations of ¶ 32 are made against defendants other than this defendant which is not required to answer those allegations.

33. The allegations of ¶ 33 are made against defendants other than this defendant which is not required to answer those allegations.

34. Denies ¶ 34.

35.     Answering ¶ 35, this defendant admits that it is registered at 1291 Galleria Drive, Henderson, Nevada in a building owned by an entity in which Roberts has an ownership interest.  This defendant denies the remaining allegations in ¶ 35 as they relate to this entity.  The remaining allegations are made against defendants other than this defendant which is not required to answer those allegations.

36.     Denies ¶ 36 as it relates to this defendant.  The remaining allegations of ¶ 36 are made against defendants other than this defendant which is not required to answer those allegations.

37.     Denies ¶ 37 as it relates to this defendant.  The remaining allegations are made against defendants other than this defendant which is not required to answer those allegations.

38.     The allegations of ¶ 38 are made against defendants other than this defendant which is not required to answer those allegations.  This defendant alleges that Exhibit B speaks for itself.

39.     The allegations of ¶ 39 are not made against this defendant which is not required to answer those allegations.  This defendant alleges that Exhibit B speaks for itself.  This defendant is without sufficient information to form a belief

as to the truth of the allegations in the last sentence of this paragraph and therefore denies it.

40. The allegations of ¶ 40 are not made against this defendant which is not required to answer those allegations. This defendant alleges that Exhibit B speaks for itself.

41. The allegations of ¶ 41 are made against defendants other than this defendant which is not required to answer those allegations. This defendant alleges that Exhibit B speaks for itself.

42. The allegations of ¶ 42 are made against defendants other than this defendant which is not required to answer those allegations. This defendant alleges that Exhibit B speaks for itself.

43. The allegations of ¶ 43 are made against defendants other than this defendant which is not required to answer those allegations.

44. The allegations of ¶ 44 are made against defendants other than this defendant which is not required to answer those allegations.

45. The allegations of ¶ 45 are made against defendants other than this defendant which is not required to answer those allegations.

46. The allegations of ¶ 46 are made against defendants other than this defendant which is not required to answer those allegations.

47.     Answering ¶ 47, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

48.     The allegations of ¶ 48 are made against defendants other than this defendant which is not required to answer those allegations.

49.     The allegations of ¶ 49 are made against a defendant other than this defendant which is not required to answer those allegations.

50.     The allegations of ¶ 50 are made against a defendant other than this defendant which is not required to answer those allegations.

51.     The allegations of ¶ 51 are made against a defendant other than this defendant which is not required to answer those allegations.

52.     Admits ¶ 52.

53.     Admits ¶ 53.

54.     Admits ¶ 54.

55.     Answering ¶ 55, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

56.     The allegations of ¶ 56 are made against defendants other than this defendant which is not required to answer those allegations.

57.     The allegations of ¶ 57 are made against defendants other than this defendant which is not required to answer those allegations.

58.     Denies ¶ 58.

59.     Answering ¶ 59, this defendant admits it collected its agreed payment from Plain Green.  The remaining allegations in ¶ 59 are made against defendants other than this defendant which is not required to answer those allegations.

60.     The allegations of ¶ 60 are made against defendants other than this defendant which is not required to answer those allegations.  This defendant alleges that it entered into a Fee Agreement with the Tribe and its lending entities, that a copy of that Fee Agreement is Exhibit C to the complaint, and that Exhibit C speaks for itself.

61.     Denies ¶ 61.

62.     Answering ¶ 62, this defendant alleges that the Fee Agreement speaks for itself, admits that the Fee Agreement entitled it to 15% of Plain Green's gross revenues in perpetuity and denies the allegation that this was an "alleged" agreement.

63.     Admits ¶ 63 and alleges that it provided the consulted services required under the Fee Agreement.

64.     Answering ¶ 64, this defendant admits it invoiced Plain Green at least the amount alleged for services it provided to Plain Green and denies that such services were "alleged."

65.     Denies ¶ 65.

66.     Denies ¶ 66.

67.     Denies ¶ 67.

68.     Denies ¶ 68.

69.     The allegations of ¶ 69 are made against defendants other than this defendant which is not required to answer those allegations.

70.     Admits¶ 70, but denies that payments to these tribal members were improper.

71.     Answering ¶ 71, this defendant is without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

72.     Answering ¶ 72, this defendant is without sufficient information to form a belief as to the truth of those allegations in this paragraph and therefore denies them.

73.     Answering ¶ 73, this defendant is without sufficient information to form a belief as to the truth of those allegations in this paragraph and therefore denies them.

74.     Answering ¶ 74, this defendant is without sufficient information to form a belief as to the truth of those allegations in this paragraph and therefore denies them.

75.     Answering ¶ 75, this defendant admits it entered into a Joint Venture Agreement with Ideal Consulting and other entities and that a true copy of that agreement is Exhibit D to the complaint.  This defendant denies the remaining allegations of ¶75.

76.     Answering ¶ 76, this defendant alleges that the Joint Venture Agreement and Fee Agreement speak for themselves and alleges that those agreements involved this defendant, not Encore Services Corporation, LLC.

77.     Answering ¶ 77, this defendant alleges that the Joint Venture Agreement speaks for itself.

78.     Answering ¶ 78, this defendant admits that payments were made to Ideal Consulting but denies the remaining allegations in this paragraph.

79.     Answering ¶ 79, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

80.     Answering ¶ 80, this defendant admits the Joint Venture Agreement is dated in 2011 and alleges that the original Proposed New Joint Venture Agreement was approved and signed in June 2011, and the Joint Venture Agreement was

created and signed in 2012 and backdated to the date of the Proposed New Joint Venture Agreement. This defendant denies the remaining allegations in this paragraph.

81. Answering ¶ 81, this defendant admits that the Joint Venture Agreement was created in 2012 and backdated to 2011. This defendant denies the remaining allegations in this paragraph.

82. Answering ¶ 82, this defendant admits it made payments to Eastlick through Trio Consulting and denies the remaining allegations in this paragraph.

83. Answering ¶ 83, this defendant admits that Trio Consulting was owned by Eastlick and is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

84. Denies ¶ 84.

85. Answering ¶ 85, this defendant admits that Trio Consulting was to receive from it 2% of Plain Green's revenues and denies the remaining allegations in this paragraph.

86. Denies ¶ 86 and alleges that it had an agreement with Plain Green.

87. Denies ¶ 87.

88. Answering ¶ 88, this defendant denies that the agreements were used to funnel money to the CEO Tribal Members and Eastlick. This defendant is

without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

89.     Denies ¶ 89.

90.     Denies ¶ 90.

## COUNT I

91.     This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 90 of the complaint.

92.     Denies ¶ 92.

93.     Denies ¶ 93.

94.     Denies ¶ 94.

95.     Denies ¶ 95.

96.     Denies ¶ 96.

97.     Denies ¶ 97.

98.     Denies ¶ 98.

99.     Denies ¶ 99.

100.   Denies ¶ 100.

101.   Denies ¶ 101.

## COUNT II

102.   This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 101 of the complaint.

103.   Answering ¶ 103, this defendant alleges that this is a legal conclusion which it is not required to answer.

104.   Denies ¶ 104.

105.   Denies ¶ 105.

106.   Denies ¶ 106.

107.   Denies ¶ 107.

108.   Denies ¶ 108.

## **COUNT III**

109.   This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 108 of the complaint.

110.   Answering ¶ 110, this defendant alleges that these allegations are a legal conclusion which it is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

111.   Answering ¶ 111, this defendant alleges that these allegations are a legal conclusion which it is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

112.   Answering ¶ 112, this defendant alleges that these allegations are a legal conclusion which it is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

113.   Denies ¶ 113.

114.   Denies ¶ 114.

115.   Denies ¶ 115.

116.   Denies ¶ 116.

117.   Denies ¶ 117.

118.   The allegations in ¶ 118 are directed at other defendants, and this defendant is not required to respond to those allegations.

119.   The allegations in ¶ 119 are directed at other defendants, and this defendant is not required to respond to those allegations.

120.   Denies the first two sentences of ¶ 120.  The allegations of ¶ 120 a., 120 b., and 120 c. are made against other defendants, and this defendant is not required to respond to those allegations.

121.   Denies that portion of ¶ 121 directed at this defendant.  The remaining allegations of ¶ 121 are directed at other defendants, and this defendant is not required to respond to those allegations.

122.   Denies that portion of ¶ 122 directed at this defendant.  The remaining allegations of ¶ 122 are directed at other defendants, and this defendant is not required to respond to those allegations.

## COUNT IV

123.   This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 122 of this complaint.

124.   Answering ¶ 124, this defendant admits that it had a valid Fee Agreement to collect 15% of Plain Green's revenues in perpetuity.  This defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

125.   Denies ¶ 125.

126.   Denies ¶ 126.

127.   Denies ¶ 127.

128.   Denies ¶ 128.

129.   Denies ¶ 129.

130.   Denies ¶ 130.

131.   Denies ¶ 131.

## COUNT V

1. (sic)     This defendant realleges and incorporates by reference its answers given to ¶¶ 1 -131 of the complaint.

2. (sic)     Answering ¶ 2, this defendant alleges that these allegations are a legal conclusion which it is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

3. (sic)     Answering ¶ 3, this defendant alleges that these allegations are a legal conclusion which it is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

4. (sic)     Denies ¶ 4.

5. (sic)     Denies ¶ 5.

6. (sic)     Denies ¶ 6.

## COUNT VI

7.     This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 131 and 1 – 6 (sic) of this complaint.

8. (sic)     Denies ¶ 8.

9. (sic)     Denies ¶ 9.

10. (sic)     Denies ¶ 10.

## COUNT VII

11.    This defendant realleges and incorporates by reference its answers given to ¶¶ 1 – 131, 1 – 10 (sic) of this complaint.

12. (sic)      Denies ¶ 12.

13. (sic)      Denies ¶ 13.

14. (sic)      Denies ¶ 14.

15. (sic)      Denies ¶ 15.

16. (sic)      Denies ¶ 16.

## AFFIRMATIVE DEFENSES

1.    This defendant did not owe any fiduciary duties to plaintiffs.

2.    To the extent it is determined that this defendant owed any fiduciary duties to any plaintiffs, then any such duties were reciprocal.  In that event, plaintiffs breached their fiduciary duties to this defendant, and those breaches were a cause of the damages being claimed by plaintiffs.  Any recovery by plaintiffs under a theory of breach of fiduciary duties must be reduced or barred by plaintiff's own comparative breach of fiduciary duty.

3.    Plaintiffs were negligent in their conduct of business with this defendant, and plaintiffs' negligence was a cause of their claimed damages against this defendant.  Any recovery by plaintiffs under any theory of negligence or

negligent misrepresentation must be reduced or barred by plaintiffs' own comparative negligence.

4.      Plaintiffs engaged in binding arbitration with Encore Services, LLC, asserted the same claims in that proceeding which they now assert against this defendant, and plaintiffs were denied the recovery by the arbitrator they now seek in this case.  A Final Award was issued in that arbitration proceeding.  Plaintiffs' claims are an attempt to litigate those claims already decided in arbitration and are barred by arbitration and award.

5.      Plaintiffs could and should have included this defendant in the arbitration proceeding.  Plaintiffs' failure to do so is a bar to this action as an improper splitting of causes of action.

6.      Plaintiffs' claims are barred by res judicata.

7.      Plaintiffs' claims are barred by collateral estoppel.

8.      Plaintiffs' claims are barred by estoppel, waiver, and/or unclean hands.

9.      Plaintiffs have failed to mitigate their damages, if any.

10.     The forum selection clauses in plaintiffs' contracts with Defendant Business Entities require that this litigation be brought in the State of Nevada.

11.     The choice of law clauses in plaintiffs' contracts with Defendant Business Entities require that the issues in this litigation be resolved under Nevada law.

12.     Some of the contracts between plaintiffs and Defendant Business Entities contain a waiver of jury trial provision.

13.     Plaintiffs breached the implied covenant of good faith and fair dealing in its contract with this defendant.

14.     This defendant fully performed its obligations under its contracts with plaintiffs.

15.     Plaintiffs' claims and damages result from the acts or omissions of third parties for which this defendant is not responsible.

16.     Plaintiffs' claims are barred by their own acts, omissions, or conduct.

17.     This defendant was voluntarily dissolved under Nevada law effective August 21, 2014.

18.     This defendant reserves the right to add affirmative defenses as discovery proceeds in this case.

WHEREFORE, having fully answered plaintiffs' complaint, this defendant prays that plaintiffs taken nothing by their complaint and that judgment be entered for this defendant and against plaintiffs.  This defendant prays that it recover its

costs of suit and reasonable attorney fees and have such other relief which to the Court seems just.

DATED this 24th day of April, 2015.

By /s/ Gregory C. Black
                    CORETTE BLACK CARLSON
                    & MICKELSON

Attorneys for Defendant Encore Services, LLC