Gregory C. Black
Annie N. Harris
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street, Suite 301
P.O. Box 509
Butte, Montana 59703
Telephone:  (406) 782-5800
Facsimile:  (406) 723-8919
Email:  gcblack@cpklawmt.com
          aharris@cpklawmt.com

Attorneys for Defendant Zachary Roberts

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |  |
|---|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION OF MONTANA, PLAIN GREEN, LLC, and FIRST AMERICAN CAPITAL RESOURCES, LLC, | * * * * * * | Cause No. CV 14-63-BMM |
| Plaintiffs, | * * | **AMENDED ANSWER OF ZACHARY ROBERTS** |
| v. | * * | |
| ZACHARY ROBERTS, RICHARD LEE BROOME, GORDON JONES, and MARTIN MAZZARA, in their individual capacities, and DESTEL LLC, FRESH START MARKETING, LLC, and ENCORE SERVICES, LLC, | * * * * * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Zachary Roberts ("Roberts") answers plaintiffs' complaint as follows:

**1 – AMENDED ANSWER OF ZACHARY ROBERTS**

## FIRST DEFENSE

Plaintiffs' complaint fails to state a cause of action against this defendant and must be dismissed.

## SECOND DEFENSE

For his answer to the specific allegations of plaintiffs' complaint, Roberts admits, denies, and alleges as follows:

1.      Answering ¶ 1, this defendant admits the first sentence.  As to the second sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

2.      Answering ¶ 2, this defendant admits the first sentence.  As to the remaining allegations, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

3.      Answering ¶ 3, this defendant admits the first sentence.  As to the remaining allegations, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

4.      Answering ¶ 4, this defendant admits that he is an adult individual who resides on Foothills Village Drive in Henderson, Nevada, but alleges his correct address is 1449, not 1409.  This defendant admits the second sentence.  As to the third sentence, this defendant admits that he traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe

and its lending enterprises.  As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

5.      Answering ¶ 5, this defendant is without sufficient information to form a belief as to the truth of the allegation as to the residence of Richard Lee Broome and therefore denies it.  This defendant admits that Broome is a California citizen.  As to the third sentence, this defendant admits that Broome traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises.  As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

6.      Answering ¶ 6, this defendant is without sufficient information to form a belief as to the truth of the allegation as to the residence of Gordon Jones and therefore denies it.  This defendant admits that Jones is a Nevada citizen.  As to the third sentence, this defendant admits that Jones traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises.  As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

7.     Answering ¶ 7, this defendant is without sufficient information to form a belief as to the truth of the allegation as to the residence of Martin Mazzara and therefore denies it.  This defendant admits that Mazzara is a Nevada citizen.  As to the third sentence, this defendant admits that Mazzara traveled to Box Elder, Montana between January 2010 and July 2013 in order to conduct business with the Tribe and its lending enterprises.  As to the remaining allegations in the third sentence, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

8.     Answering ¶ 8, this defendant admits that Encore Services LLC ("Encore Services") is a Nevada limited liability company with its headquarters and principal place of business at 1291 Galleria Drive, Henderson, Nevada.  This defendant admits that Encore Services sent agents to Box Elder, Montana to conduct business with the Tribe and its lending enterprises.  This defendant is without sufficient information to form a belief as to the truth of the remaining allegations and therefore denies them.

9.     Answering ¶ 9, this defendant denies those allegations other than the allegation that Roberts, Mazzara, Broome, and Jones are not citizens of the state of Montana.

10.    Denies ¶ 10.

11.    Denies ¶ 11.

**4 – AMENDED ANSWER OF ZACHARY ROBERTS**

12.    Admits ¶ 12.

13.    Answering ¶ 13, this defendant admits that Broome, Roberts, Jones and Mazzara are not citizens of the state of Montana and that DesTel sent employees and agents to Box Elder, Montana for business.  This defendant denies the remaining allegations in ¶ 13.

14.    Admits ¶ 14.

15.    Answering ¶ 15, this defendant admits that Fresh Start Marketing is a Nevada limited liability company with its headquarters and principal place of business at 1291 Galleria Drive, Suite 210, Henderson, Nevada.  This defendant admits that Fresh Start Marketing sent agents to Box Elder, Montana for business.  As to the remaining allegations in ¶ 15, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

16.    Answering ¶ 16, this defendant admits that Roberts, Mazzara, Jones, and Broome are not citizens of the state of Montana.  This defendant denies the remaining allegations in this paragraph.

17.    Admits ¶ 17.

18.    Denies ¶ 18.

19.    Admits ¶ 19.

20.    Denies ¶ 20.

**5 – AMENDED ANSWER OF ZACHARY ROBERTS**

21.     Answering ¶ 21, this defendant alleges that the Final Award, attached as Exhibit A, speaks for itself.

22.     Answering ¶ 22, this defendant alleges that the Arbitrator's Final Award speaks for itself.

23.     Admits ¶ 23.

24.     Admits ¶ 24. ,

25.     Answering ¶ 25, this defendant admits that FACR and Plain Green became involved with the Individual Defendants.  This defendant denies the remaining allegations in ¶ 25.

26.     Denies ¶ 26.

27.     Denies ¶ 27.

28.     Answering ¶ 28, this defendant admits that FACR is an entity which began loan operations in May 2011.  This defendant denies the remaining allegations in ¶ 28.

29.     Denies ¶ 29.

30.     Denies ¶ 30.

31.     Answering ¶ 31, this defendant admits that Broome was affiliated with Encore Service Corporation, LLC ("Encore Service Corporation").  Denies that Roberts, Mazzara, and Jones were affiliated with Encore Service Corporation.

32.     Answering ¶ 32, this defendant admits that Encore Service Corporation is a Nevada limited liability company.  As to the remaining allegations in ¶ 32, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

33.     Admits ¶ 33.

34.     Denies ¶ 34.

35.     Answering ¶ 35, this defendant admits that the Defendant Business Entities are registered at 1291 Galleria Drive, Henderson, Nevada, where a building is located which is owned by an entity in which this defendant has an ownership interest.  This defendant denies the remaining allegations in ¶ 35.

36.     Denies ¶ 36.

37.     Denies ¶ 37.

38.     Answering ¶ 38, this defendant alleges that the Management Agreement between the Tribe and Encore Service Corporation made on October 22, 2010 and amended on April 14, 2011 is attached as Exhibit B to the complaint and speaks for itself.

39.     Answering ¶ 39, this defendant alleges that the Management Agreement speaks for itself as it relates to first two sentences of this paragraph. This defendant is without sufficient information to form a belief as to the truth of the allegations in the last sentence of this paragraph and therefore denies it.

40.     Answering ¶ 40, this defendant alleges that the Management Agreements speak for themselves.

41.     Answering ¶ 41, this defendant alleges that the Management Agreement speaks for itself.

42.     Answering ¶ 42, this defendant alleges that the Management Agreement speaks for itself.

43.     Answering ¶ 43, this defendant denies the first sentence of that paragraph.  This defendant admits that Encore Service Corporation did not raise $16 million to fund FACR and denies the remaining allegations in the second sentence of this paragraph.

44.     Answering ¶ 44, this defendant admits that the Tribe directly or through entities it controlled received funds from other tribal entities.  This defendant is without information to form a belief as to the truth of the remaining allegations in ¶ 44 and therefore denies them.

45.     Answering ¶ 45, this defendant denies that the Tribe did not see any return of interest and admits that the Tribe did not receive any return of principal.  This defendant denies the remaining allegations in this paragraph.

46.     Answering ¶ 46, this defendant admits that FACR began operations in May 2011.  This defendant denies the remaining allegations in ¶ 46.

47.     Answering ¶ 47, this defendant admits that FACR entered into agreements with other companies owned by entities in which this defendant, Mazzara, and Broome have an ownership interest.  This defendant denies the remaining allegations in ¶ 47.

48.     Answering ¶ 48, this defendant admits that DesTel provided call-center services to FACR, handling customer service and collections.  This defendant admits that DesTel collected money from FACR, but does not have sufficient information to form a belief as to the amount alleged and therefore denies it.  This defendant admits that additional funds were withdrawn from FACR after August 20, 2013, but denies the remaining allegations in ¶ 48.

49.     Admits ¶ 49.

50.     Denies ¶ 50.

51.     Answering ¶ 51, this defendant admits that Fresh Start Marketing invoiced FACR for services it provided and those invoices were paid per the agreement with Fresh Start.  This defendant denies the remaining allegations in ¶ 51.

52.     Admits ¶ 52.

53.     Admits ¶ 53.

54.     Admits ¶ 54.

55.    Answering ¶ 55, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

56.    Answering ¶ 56, this defendant admits the first sentence and denies the second sentence.

57.    Denies ¶ 57.

58.    Denies ¶ 58.

59.    Answering ¶ 59, this defendant admits that Encore Services collected its agreed payment from Plain Green.   This defendant denies the remaining allegations in ¶ 59.

60.    Answering ¶ 60, this defendant denies those allegations and alleges that Encore Services, LLC made those representations and further alleges that the Fee Agreement, Exhibit C to the complaint, speaks for itself.

61.    Denies ¶ 61.

62.    Answering ¶ 62, this defendant alleges that the Fee Agreement speaks for itself, admits that the Fee Agreement entitled Encore Services to 15% of Plain Green's gross revenues in perpetuity, and denies the allegation that this was an "alleged" agreement.

63.    Answering ¶ 63, this defendant alleges that the Fee Agreement speaks for itself and alleges that Encore Services provided the consulting services provided in the Fee Agreement.

64.     Answering ¶ 64, this defendant admits that Encore Services invoiced Plain Green at least the amount alleged for services provided to Plain Green.  This defendant denies that such services were "alleged".

65.     Denies ¶ 65.

66.     Denies¶ 66.

67.     Denies ¶ 67.

68.     Denies ¶ 68.

69.     Denies ¶ 69.

70.     Admits ¶ 70 but denies that payments to these tribal members were improper.

71.     Answering ¶ 71, this defendant admits that Dr. James Eastlick was associated with the Tribe's Health Clinic but denies that Eastlick was a tribal member and that payments to him were improper.

72.     Answering ¶ 72, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

73.     Answering ¶ 73, this defendant admits that Eastlick was associated with the Health Clinic.  This defendant is without sufficient information to form a belief as to the truth of those allegations in this paragraph and therefore denies them.

74.     Answering ¶ 74, this defendant admits that Neal Rosette and Billie Anne Morsette controlled Ideal Consulting, but he is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

75.     Answering ¶ 75, this defendant admits that Encore Services and Ideal Consulting were parties, along with others to a Joint Venture Agreement, Exhibit D to the complaint.   This defendant denies the remaining allegations in this paragraph and alleges that the Agreement speaks for itself.

76.     Answering ¶ 76, this defendant alleges that the Joint Venture Agreement and Fee Agreement speak for themselves and alleges that those agreements involved Encore Services, LLC, not Encore Services Corporation, LLC.

77.     Denies ¶ 77.

78.     Answering ¶ 78, this defendant admits that payments were made to Ideal Consulting but denies the remaining allegations in this paragraph.

79.     Answering ¶ 79, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

80.     Answering ¶ 80, this defendant admits the Joint Venture Agreement is dated in 2011 and alleges that the original Proposed New Joint Venture Agreement was approved and signed in June 2011, and the Joint Venture Agreement was

created and signed in 2012 and backdated to the date of the Proposed New Joint Venture Agreement. This defendant denies the remaining allegations in this paragraph.

81. Answering ¶ 81, this defendant admits that the Joint Venture Agreement was created in 2012 and backdated to 2011. This defendant denies the remaining allegations in this paragraph.

82. Answering ¶ 82, this defendant admits Encore Services made payments to Eastlick through Trio Consulting and denies the remaining allegations in this paragraph.

83. Answering ¶ 83, this defendant admits that Trio Consulting was owned by Eastlick and is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

84. Denies ¶ 84.

85. Answering ¶ 85, this defendant admits that Trio Consulting was to receive from Encore Services 2% of Plain Green's revenues and denies the remaining allegations in this paragraph.

86. Denies ¶ 86 and alleges that Encore Services, LLC had an agreement with Plain Green.

87. Denies ¶ 87.

88.     Answering ¶ 88, this defendant denies that the agreements were used to funnel money to the CEO Tribal Members and Eastlick. This defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

89.     Denies ¶ 89.

90.     Denies ¶ 90.

## COUNT I

91.     This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 90 of the complaint.

92.     Denies ¶ 92.

93.     Denies ¶ 93.

94.     Denies ¶ 94.

95.     Denies ¶ 95.

96.     Denies ¶ 96.

97.     Denies ¶ 97.

98.     Denies ¶ 98.

99.     Denies ¶ 99.

100.    Denies ¶ 100.

101.    Denies ¶ 101.

## COUNT II

102.   This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 101 of the complaint.

103.   Answering ¶ 103, this defendant alleges that this is a legal conclusion which he is not required to answer.

104.   Denies ¶ 104.

105.   Denies ¶ 105.

106.   Denies ¶ 106.

107.   Denies ¶ 107.

108.   Denies ¶ 108.

## COUNT III

109.   This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 108 of the complaint.

110.   Answering ¶ 110, this defendant alleges that these allegations are a legal conclusion which he is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

111.   Answering ¶ 111, this defendant alleges that these allegations are a legal conclusion which he is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

112.   Answering ¶ 112, this defendant alleges that these allegations are a legal conclusion which he is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

113.   Denies ¶ 113.

114.   Denies ¶ 114.

115.   Denies ¶ 115.

116.   Denies ¶ 116.

117.   Denies ¶ 117.

118.   Denies ¶ 118 and alleges that Jones did not have a membership interest in any of the limited liability companies alleged in this complaint.

119.   Denies ¶ 119.

120.   Answering ¶ 120, this defendant admits DesTel provided call center services to FACR and was paid money by FACR for those services, Fresh Start Marketing provided marketing support services for FACR and was paid money by FACR for those services, and Dial Right Software provided services to Plain Green and was paid for those services.  This defendant denies the remaining allegations in this paragraph.

121.   Denies ¶ 121.

122.   Denies ¶ 122.

## COUNT IV

123.  This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 122 of the complaint.

124.  Answering ¶ 124, this defendant is without sufficient information to form a belief as to the truth of those allegations and therefore denies them.

125.  Denies ¶ 125.

126.  Denies ¶ 126.

127.  Denies ¶ 127.

128.  Denies ¶ 128.

129.  Denies ¶ 129.

130.  Denies ¶ 130.

131.  Denies ¶ 131.

## COUNT V

1. (sic)    This defendant realleges and incorporates by reference his answers given to ¶¶ 1 -131 of the complaint.

2. (sic)    Answering ¶ 2, this defendant alleges that these allegations are a legal conclusion which he is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

3. (sic)    Answering ¶ 3, this defendant alleges that these allegations are a legal conclusion which he is not required to answer.  To the extent an answer is required, this defendant denies those allegations.

4. (sic)    Denies ¶ 4.

5. (sic)    Denies ¶ 5.

6. (sic)    Denies ¶ 6.

## COUNT VI

7.    This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 131 and 1 – 6 (sic) of the complaint.

8. (sic)    Denies ¶ 8.

9. (sic)    Denies ¶ 9.

10. (sic)    Denies ¶ 10.

## COUNT VII

11.    This defendant realleges and incorporates by reference his answers given to ¶¶ 1 – 131, 1 – 10 (sic) of the complaint.

12. (sic)    Denies ¶ 12.

13. (sic)    Denies ¶ 13.

14. (sic)    Denies ¶ 14.

15. (sic)    Denies ¶ 15.

16. (sic)    Denies ¶ 16.

# AFFIRMATIVE DEFENSES

1.       Plaintiffs' efforts to pierce the limited liability veil of the Defendant Business Entities and make this defendant personally liable must be decided under Nevada law.

2.       This defendant, individually, did not owe any fiduciary duties to plaintiffs.

3.       To the extent it is determined that this defendant owed any fiduciary duties to any plaintiffs, then any such duties were reciprocal.  In that event, plaintiffs breached their fiduciary duties to this defendant, and those breaches were a cause of the damages being claimed by plaintiffs.  Any recovery by plaintiffs under a theory of breach of fiduciary duties must be reduced or barred by plaintiffs' own comparative breach of fiduciary duty.

4.       Plaintiffs were negligent in their conduct of business with this defendant, and plaintiffs' negligence was a cause of their claimed damages against this defendant.  Any recovery by plaintiffs under any theory of negligence or negligent misrepresentation must be reduced or barred by plaintiffs' own comparative negligence.

5.       Plaintiffs engaged in binding arbitration with Encore Services, LLC, asserted the same claims in that proceeding which they now assert against this defendant, and plaintiffs were denied the recovery by the arbitrator they now seek

in this case. A Final Award was issued in that arbitration proceeding. Plaintiffs' claims are an attempt to litigate those claims already decided in arbitration and are barred by arbitration and award.

6. Plaintiffs could and should have included this defendant in the arbitration proceeding. Plaintiffs' failure to do so is a bar to this action as an improper splitting of causes of action.

7. Plaintiffs' claims are barred by res judicata.

8. Plaintiffs' claims are barred by collateral estoppel.

9. Plaintiffs' claims are barred by estoppel, waiver, and/or unclean hands.

10. Plaintiffs have failed to mitigate their damages, if any.

11. The forum selection clauses in plaintiffs' contracts with Defendant Business Entities require that this litigation be brought in the State of Nevada.

12. The choice of law clauses in plaintiffs' contracts with Defendant Business Entities require that the issues in this litigation be resolved under Nevada law.

13. Some of the contracts between plaintiffs and Defendant Business Entities contain a waiver of jury trial provision.

14. Plaintiffs breached the implied covenant of good faith and fair dealing in their contracts with Defendant Business Entities.

15.     Defendant Business Entities fully performed their obligations under their contracts with plaintiffs.

16.     Plaintiffs' claims and damages result from the acts or omissions of third parties for which this defendant is not responsible.

17.     Plaintiffs' claims are barred by their own acts, omissions, or conduct.

18.     This defendant is not liable individually for the alleged acts, omissions, or conduct of Defendant Business Entities.

19.     This defendant reserves the right to add affirmative defenses as discovery proceeds in this case.

WHEREFORE, having fully answered plaintiffs' complaint, this defendant prays that plaintiffs taken nothing by their complaint and that judgment be entered for this defendant and against plaintiffs.  This defendant prays that he recover his costs of suit and reasonable attorney fees and have such other relief which to the Court seems just.

DATED this 24 day of April, 2014.

By __/s/ Gregory C. Black_____
CORETTE BLACK CARLSON
& MICKELSON
Attorneys for Defendant Zachary Roberts