Maxon R. Davis
Davis, Hatley, Haffeman, & Tighe, PC
101 River Drive North
Milwaukee Station, 3rd Floor
Great Falls, MT 59401
406-761-5243
Max.davis@dhhtlaw.com

Jay A. Dubow
Richard J. Zack
Derek E. Hines
Christina O. Hud
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4713
Fax: 215-981-4750
dubowj@pepperlaw.com
zackr@pepperlaw.com
hinesd@pepperlaw.com
hudc@pepperlaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION OF MONTANA, PLAIN GREEN, LLC, and FIRST AMERICAN CAPITAL RESOURCES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACHARY ROBERTS, RICHARD LEE BROOME, GORDON JONES, and MARTIN MAZZARA, in their individual capacities, and DESTEL LLC, FRESH START MARKETING, LLC, AND ENCORE SERVICES, LLC,<br><br>Defendants. | Cause No. CV 14-63-BMM<br><br><br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
## MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Defendants have failed to abide by their discovery obligations. As they are unable to deny that basic assertion, they instead attempt to minimize their failure with a litany of irrelevant excuses. Coming as it does after months of broken promises to complete their document production, Defendants' Response in Opposition and the related Motions to Stay and to Vacate the Scheduling Order represent nothing more than a transparent attempt to needlessly delay the outcome of this litigation.[1] As such, and for the reasons stated below, Plaintiffs again respectfully request by and through their undersigned counsel that this Court grant their Motion to Compel and schedule a hearing to consider whether Defendants' derogation of their duties merits an Order that they pay the legal fees and costs associated with bringing the instant Motion.

**I.   ARGUMENT**

Defendants' opposition to Plaintiffs' Motion to Compel is wholly without merit. Defendants complain primarily about the extensive amount of work they claim they have had to perform—and still need to perform—to prepare

---

[1] Plaintiffs are filing a separate Response in Opposition to Defendants' Motion for an Order Staying Civil Litigation; however, as the issues raised in their Response in Opposition to Plaintiffs' Motion to Compel and Defendants' Motion to Vacate the Scheduling Order have significant overlap, Plaintiffs' respectfully request that the Court consider Plaintiffs' response to the latter Motion is subsumed within this Reply Brief.

responses to Plaintiffs' discovery requests.  *See* Defs.' Br. in Opposition to Mot. to Compel Production of Documents (Doc. 54).

As courts in this district have noted, complaining about the extensive work needed to respond to discovery requests is not a proper response to a motion to compel.  *See, e.g.*, *Spreadbury v. Bitterroot Pub. Library*, CV 11-64-M-DWM-JCL, 2011 U.S. Dist. LEXIS 111501, at *7 (D. Mont. Sept. 29, 2011).  *Spreadbury* involved a plaintiff faced with a motion to compel after he failed to respond to defendants' discovery requests.  *Id.* at *1.  Plaintiff complained, in part, about "the extensive work required of him to prepare his discovery responses[.]"  *Id.* at *7.  The court rejected that argument, stating:

> Federal Rule of Civil Procedure 26(c) permits a party to move for an order protecting . . . a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]"  Thus, Plaintiff's remedy for . . . protecting him against burdensome or extensive work was to file a motion under Rule 26(c).  Since Plaintiff did not exercise his right to a protective order, he cannot now belatedly rely on those grounds to justify his conduct.

*Id.* at *7.

Defendants here, of course, have not exercised their rights to seek a protective order; as such, they should not be permitted to belatedly rely on complaints about the extensive work needed to respond to Plaintiffs' discovery requests to justify their failure to comply with their obligations.  *See id.*  In addition, Defendants have never responded or otherwise objected to Plaintiffs'

written discovery requests within the time period set by the Federal Rules of Civil Procedure or any timeline agreed upon by the parties. As such, they have waived any objections—including attorney-client privilege or work product claims—to Plaintiffs' discovery requests. *See, e.g.*, D. Mont. L. Rule 26.3(a)(4) ("Failure to object to interrogatories or requests for production of documents or things under Fed. R. Civ. P. 33 and 34, within the time affixed by the Rules, or within the time to which the parties have agreed, constitutes a waiver of any objection.").

Indeed, while Defendants now seek to make excuses for themselves, their opposition does not rebut—nor could it—the following basic facts that show why Plaintiffs' Motion to Compel should be granted.

- Defendants sought to extend their deadline to respond to Plaintiffs' discovery requests to April 3, 2015; Plaintiffs' agreed to this request.

- At Defendants' request, Plaintiffs provided suggested search terms to aid in their review of documents; Defendants did not attempt to negotiate any of those terms.

- Defendants did not meet their April 3 deadline, but said they hoped to complete their discovery responses by April 17, 2015.

- Defendants failed produce documents on April 17; instead, they made a production of some—but not all—responsive documents on April 24, but Plaintiffs could not review the documents as they contained blatantly privileged information.

- Defendants again produced privileged information on May 5, which again prevented Plaintiffs from beginning their review.

- Defendants next claimed they planned to complete production and written discovery responses by July 17, 2015.

- Defendants failed to meet that July 17 deadline, too, forcing Plaintiffs to organize a meet-and-confer and, ultimately, to file the instant Motion.

*See* Pls.' Mem. of Law in Support of Their Mot. to Compel at 4-6, and all relevant exhibits referenced therein (Doc. 51).

Defendants now seek to justify their repeated failures to meet <u>even deadlines they set for themselves</u> by attempting to claim that Plaintiffs have not been cooperative. Ignoring the fact that Plaintiffs already agreed to one extension, and suggested search terms at the Defendants' request, Defendants argue that Plaintiffs made their review more difficult by: 1) not declaring which document review software Plaintiffs planned to use: 2) requiring Defendants to produce duplicate or multiple copies of electronic documents; and 3) declining to answer questions about the production of native documents. (Doc. 54).

These arguments are nonsense. Plaintiffs did not tell Defendants which document review software they planned to use because, in addition to being irrelevant, Plaintiffs did not even decide which of its in-house systems to use until it first received a production—belated, incomplete, and riddled with privileged documents as it was—from Defendants. Plaintiffs, meanwhile, should be able to mass code duplicate documents before producing them to Defendants, meaning there should be no need for them to review multiple copies of the same document. Finally, Plaintiffs' counsel advised Defendants' consultant to review the

instructions in Plaintiffs' discovery requests, as those instructions were clear on how documents should be produced; Plaintiffs' counsel also advised Defendants' they should reach out again if there were further questions after those instructions were reviewed. In the six months since that conversation, neither Defendants' counsel nor their consultant followed up with any further questions.

Defendants' blatant failures to abide by their discovery obligations means Plaintiffs are still awaiting relevant documents to review, and have been unable to properly prepare for depositions or expert disclosures. As such, Plaintiffs do not oppose Defendants' Motion to Vacate the Scheduling Order and hold a new Scheduling Conference. However, Plaintiffs request that any new schedule be appropriately abbreviated to minimize the delay necessitated by Defendants' dawdling, and that the Court issue an appropriate Order directing Plaintiffs to finally complete their discovery responses in reasonably short order. Plaintiffs further request that any new scheduling conference double as a hearing on Defendants' misconduct so that an appropriate Order can be entered directing them to pay Plaintiffs' legal fees and costs associated with this Motion.

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs ask that Defendants be ordered to finally complete their discovery responses in a reasonably short timeframe, and

that they further be ordered to pay Plaintiffs' fees and costs associated with preparing the instant Motion and replying to Defendants' Response.

   Dated:  September 9, 2015

| Pepper Hamilton LLP | Davis, Hatley, Haffeman, & Tighe, PC. |
|---|---|
| By /s/ *Jay A. Dubow*<br> Jay A. Dubow<br> 3000 Two Logan Square<br> Philadelphia, PA  19103-2799 | By /s/ *Maxon R. Davis*<br> Maxon R. Davis<br> P. O. Box 2103<br> Great Falls, MT 59401<br>  *Attorneys for Plaintiffs* |

## CERTIFICATE OF COMPLIANCE

I, Max Davis, hereby certify that the foregoing brief complies with the requirements of Local Rule 7.1(d)(2). The total word count in the brief is 1,267, excluding the caption and the relevant certifications. I rely on the word count of the word-processing system used to prepare the brief.

Dated: September 9, 2015

> */s/ Maxon R. Davis*
> Maxon R. Davis
> Davis, Hatley, Haffeman, & Tighe, PC.
> P.O. Box 2103
> Great Falls, MT 59403-2103
> *Attorneys for Plaintiffs*