Maxon R. Davis
Davis, Hatley, Haffeman, & Tighe, PC
101 River Drive North
Milwaukee Station, 3rd Floor
Great Falls, MT 59401
406-761-5243
Max.davis@dhhtlaw.com

*Attorneys for Plaintiffs*

Jay A. Dubow
Richard J. Zack
Derek E. Hines
Christina O. Hud
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: 215-981-4713
Fax: 215-981-4750
dubowj@pepperlaw.com
zackr@pepperlaw.com
hinesd@pepperlaw.com
hudc@pepperlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION OF MONTANA, PLAIN GREEN, LLC, and FIRST AMERICAN CAPITAL RESOURCES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ZACHARY ROBERTS, RICHARD LEE BROOME, GORDON JONES, and MARTIN MAZZARA, in their individual capacities, and DESTEL LLC, FRESH START MARKETING, LLC, AND ENCORE SERVICES, LLC,<br><br>Defendants. | Cause No. CV 14-63-BMM<br><br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO STAY OR IN THE ALTERNATIVE FOR A LIMITED STAY OF DISCOVERY** |

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO STAY OR IN THE ALTERNATIVE FOR A LIMITED STAY OF DISCOVERY

The Chippewa Cree Tribe of the Rocky Boy's Reservation of Montana, Plain Green, LLC and First American Capital Resources, LLC ("Plaintiffs"), by and through their undersigned attorneys, hereby oppose the above-captioned Defendants' Motion to Stay.[1] Defendants cannot satisfy the standard necessary to justify a stay at this point, as they have not been indicted and because they have already provided testimony regarding the matters at the heart of any criminal investigation, undermining their alleged Fifth Amendment concerns. For those and other reasons explained in more detail below, Plaintiffs respectfully request that Defendants' Motion be denied in its entirety.

## I. STATEMENT OF RELEVANT FACTS

This case has its genesis in a 2013 arbitration claim filed by one of the Defendants in this litigation, Encore Services, LLC, against Plaintiffs. Plaintiffs here filed a counterclaim in that arbitration against Encore Services, LLC. At the close of those proceedings, the Honorable Patrick Irvine, Arbitrator, rejected Encore Services' claims, but found that it defrauded Plaintiffs of $1,181,128.79

---

[1] On August 26, 2015, Defendants filed a motion to stay all proceedings, alleging that all defendants other than Gordon Jones are subjects and likely targets of a federal criminal investigation. (Doc. No. 52). On September 3, 2015, Gordon Jones filed a motion to join in the stay and alleged that he is also the subject and likely target of a federal criminal investigation. (Doc. No. 59). The Plaintiffs file this Response to both motions.

through the actions of its principals and agents, Zachary Roberts, Richard Lee Broome, Martin Mazzara and Gordon Jones, who are now Defendants in this action. *See* Exh. A. The Arbitrator further found that Encore Services, LLC, through the actions of its principals and agents, the above-named individual Defendants, committed civil conspiracy, intentional and negligent misrepresentation, negligence, and breached their fiduciary duties to the Plaintiffs. *See id*. The individual Defendants provided testimony in that arbitration, with Roberts, Broome and Jones all appearing as witnesses, and Mazzara giving deposition testimony. *Id.*

Encore Services, LLC, has yet to pay the award ordered at the end of the arbitration.[2] Instead, Defendants appear to be trying to shield certain assets by having two other shell corporations controlled by them—Encore Service Corp., LLC and Encore Acceptance I, LLC—declare bankruptcy. *See* Exh. B; Exh. C. Upon information and belief, the individual Defendants will be called on to provide testimony in that matter, as well, as they seek to avail themselves of the legal benefits that may be conferred through the bankruptcy process.

Defendants filed this Motion on August 26, 2015, asserting that Defendants Roberts, Broome and Mazzara "are currently subjects, and likely

---

[2] In addition to ordering Encore Services, LLC to pay the Tribe $1,181,128.79 as a result of its fraud, the Arbitrator also ordered Encore Services, LLC to pay costs of arbitration in the amount of at least $34,469.46, and attorney's fees and costs in the amount of $1,355,054.90 for a total award of at least $2,570,653.15. *See* Ex. A.

targets, of a criminal investigation by the United States Attorney for the District of Montana and the Federal Bureau of Investigation related to the same subject matter as this civil case." Defs.' Br. in Support of Mot. to Stay at 2 (Doc. 53) (hereinafter "Mot. to Stay"). However, the Defendants do not allege that any criminal indictment has been filed against any Defendants.

## II. ARGUMENT

### A. Legal Standard

Courts in the Ninth Circuit consider a variety of factors when deciding whether to stay civil proceedings when a parallel criminal investigation is being conducted. *See, e.g.*, *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In addition to possible Fifth Amendment considerations, a court shall consider factors including:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 902-03 (citations omitted).

There is no Constitutional right to a stay of civil litigation where a defendant is faced with a parallel criminal investigation. *Id.* at 902. Indeed, as the

Ninth Circuit has held, "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (affirming a district court's denial of a motion to stay by a defendant faced with such a situation).

Courts regularly deny motions to stay where the party seeking the stay has not actually been charged criminally. Even the case Defendants cite repeatedly in support of their Motion recognizes that "because there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, *pre*-indictment requests for stay are generally denied." *Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. # 2*, CV-06-BLG-RFC-CSO, 2007 U.S. Dist. LEXIS 30140, at *6 (D. Mont. Apr. 24, 2007) (emphasis in original) (citation and internal quotation marks omitted).

Indeed, in the rare event that a stay motion is granted, courts generally refuse to grant such requests until <u>after</u> an indictment is filed because "[t]he possibility for self-incrimination is greatest at this stage, and the potential harm to civil litigants arising from delaying the case is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Id.* at *5-

6. Put another way, the potential harm to the civil litigant opposing the stay is heightened where such a motion is granted before possible criminal charges are filed as there is no promise that related criminal proceedings—if any are even formally initiated—will be resolved with any haste. *See id.*; *see also Ebay, Inc. v. Digital Point Solutions, Inc.*, No. C-08-4052 JF, 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010) ("The potential prejudice to a civil defendant facing a parallel criminal investigation is more remote than it is for an indicted defendant, and the delay to the plaintiff is potentially indefinite.") (citation and internal quotation marks omitted).

Furthermore, any alleged Fifth Amendment concerns are lessened where the party facing possible criminal sanctions has already testified about the matters under investigation. *See, e.g.*, *Molinaro*, 889 F.2d at 903 (finding that Fifth Amendment privilege concerns were mitigated by the fact that the defendants had already given a deposition in related civil litigation); *Menster v. Liberty Mut. Fire Ins. Co.*, No. C13-00775RSL, 2013 U.S. Dist. LEXIS 153167, at *4 (W.D. Wash. Oct. 23, 2013) ("There is minimal risk to a party's Fifth Amendment right when that party already testified concerning the matter in which he or she now seeks to claim the privilege.").

**B. The Relevant Factors Weigh Against Granting a Stay**

Applying the relevant legal factors to the facts of this case makes clear that Defendants cannot meet the standard required to justify a stay. Each factor is discussed more fully below.

1. The Defendants' Fifth Amendment Concerns Lack Merit

The Defendants' Fifth Amendment concerns are mitigated by other factors and, as such, a stay of these civil proceedings is not warranted. There is no Constitutional right to have civil proceedings stayed when one is under criminal investigation. *See Molinaro*, 889 F.2d at 902. And, as even case law cited by the Defendants makes clear, "*pre*-indictment requests for stay are generally denied." *Bridger Pub. Sch. Dist. # 2*, 2007 U.S. Dist. LEXIS 30140, at *6 (emphasis in original). Defendants assert only that they are "currently subjects" of a criminal investigation. Mot. to Stay at 2. They do not say they are actual "targets" of any criminal probe, however, and in any event they have not been indicted. *See id.* The general rule is that a pre-indictment request to stay such as this one should be denied. *See Bridger Pub. Sch. Dist. # 2*, 2007 U.S. Dist. LEXIS 30140, at *6.

The Defendants' Fifth Amendment concerns are also undermined by the fact that they have already given testimony about the subject matter of the criminal investigation complained of here. Defendants state that the criminal investigation into their activities is "related to the same subject matter as this civil

case." Mot. to Stay at 2. The Defendants have also alleged that "the issues raised in [Plaintiffs] complaint were raised and litigated in the arbitration proceeding." (Doc. No. 35.) Roberts, Broome and Jones all were deposed and appeared as live witnesses and Mazzara gave deposition testimony in the arbitration proceedings that predated this litigation, but involved the same subject matter as this case and, by extension, the criminal investigation into Defendants. *See* Exh. A. "There is minimal risk to a party's Fifth Amendment right when that party already testified concerning the matter in which he or she now seeks to claim the privilege." *Menster*, 2013 U.S. Dist. LEXIS 153167, at *4; *see also Molinaro*, 889 F.2d at 903. Because Defendants have not been indicted, and as there is "minimal risk" to their Fifth Amendment rights given that they have already provided testimony about the relevant disputes, Defendants' Fifth Amendment concerns do not warrant a stay.

> 2. The Plaintiffs' Interests in Proceeding Expeditiously Would be Thwarted by an Unwarranted Stay

Plaintiffs' interests in proceeding expeditiously were stymied even before Defendants' filed the instant Motion. More than a year ago, an arbitrator found that Encore Services, LLC, by and through the actions of Roberts, Broome, Mazzara and Jones, defrauded Plaintiffs of $1,181,128.79. *See* Exh. A. Defendants have failed to pay that award. Instead, upon information and belief, they are seeking to shield their assets by having various entities controlled by them

-8-

declare Chapter 11 bankruptcy; however, a federal Judge converted the cases to Chapter 7 bankruptcies and appointed independent trustees to investigate the Defendants' frauds.  *See* Exh. B; Exh. C.

Now, Defendants are trying to halt these proceedings entirely by improperly moving for a pre-indictment stay even though they have already provided testimony about the dispute underlying this litigation.  *See* Exh. A.  The Ninth Circuit has made clear that this factor weighs against a stay where it gives a defendant more time to "dispose of [its] assets."  *Molinaro*, 889 F.2d at 903; *see also Ebay*, 2010 U.S. Dist. LEXIS 23253, at *15 ("[C]ourts have recognized that plaintiffs' interest in damages might not be adequately protected if the court grants a stay, during which time defendant's remaining assets would be spent.").  A plaintiff is further harmed where no indictment has actually been granted.  "The fact that the time line for a criminal action is unclear strengthens [a Plaintiff's] argument that indefinite delay will harm its financial interest[.]"  *Ebay*, 2010 U.S. Dist. LEXIS 23253, at *17.

This factor weighs against granting Defendants' Motion as a stay would only give them more time to dispose of their assets.  *See, e.g.*, *id.*; *Molinaro*, 889 F.2d at 903.  The harm would be exacerbated as no criminal charges have even been filed against any Defendant in this case, meaning Plaintiffs could be faced with "indefinite delay [which] will harm its financial interest[.]"  *Ebay*, 2010 U.S.

Dist. LEXIS 23253, at *17; *see also Bridger Pub. Sch. Dist. #2*, 2007 U.S. Dist. LEXIS 30140, at *5-6 (noting that the potential harm to a civil litigant opposing a stay is heightened where no criminal charges have been filed as there is no guarantee that potentially criminal proceedings could be resolved quickly). As such, the instant Motion should be denied.

> 3. No Particular Aspects of These Proceedings Will Impose Any Undue Burden on Defendants

Defendants would face no undue burden should the instant Motion be denied. Defendants' argument on this issue rehashes their Fifth Amendment concerns. For the reasons stated above, those concerns do not warrant a stay.[3]

> 4. A Stay Could Inconvenience the Court and be an Inefficient Use of Judicial Resources

This factor weighs against a stay as the Court "ha[s] an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. Ninth Circuit courts have repeatedly held that stays unnecessarily impair "efficient administration" of the adjudicative process. *See, e.g.*, *id.*; *Keating*, 45 F.3d at 326. These concerns are only exacerbated where stays are issued pre-indictment as "any stay at this time would be of unknown duration, and the extent to which common issues would be

---

[3] Defendants also ask that they be exempted from having to respond to certain discovery requests, including interrogatories, because of the apparent criminal investigation into their activities. Plaintiffs note that, as explained more fully in their Memorandum in Support of Their Motion to Compel (Doc. 51), Defendants responses to interrogatories were due several months ago, well before Plaintiffs filed the instant Motion raising the specter of a criminal investigation. As such, Defendants waived any objections to Plaintiffs' discovery requests well before the criminal investigation became relevant to this litigation. *See, e.g.*, D. Mont. L. Rule 26.3(a)(4).

resolved in a criminal proceeding is speculative when no criminal charges actually are pending." *Ebay*, 2010 U.S. Dist. LEXIS 23253, at *18. Because a stay would prevent this Court from clearing its docket and would impair the efficient administration of justice, especially as no criminal charges have actually been filed, the instant Motion should be denied.

        5. The Interests of Persons Not Parties to This Litigation Would Be Harmed by a Stay

This factor also weighs against a stay as members of the Tribe would be harmed by further delays in the outcome of this dispute. Defendants falsely claim that this factor does not apply as no one has "identified people other than the parties to this litigation that would have an interest in the outcome of the proceedings." Mot. to Stay at 10. As Plaintiffs stated in their Complaint, the Tribe operates various commercial enterprises—including Plain Green and FACR—"for the benefit of its people." Compl. ¶¶ 23-24 (Doc. 1). As an independent Arbitrator has found, Defendants defrauded Plaintiffs of $1,181,128.79, and Defendants were further ordered to pay Plaintiffs' costs of arbitration of at least $34,469.46 and $1,355,054.90 in legal fees and costs. *See* Exh. A.

Simply put, that is $2,570,653.15 less that Plaintiffs have to provide services for the people of the Tribe. While individual members of the Tribe are not parties to this action, they have a clear interest in ensuring that this litigation proceeds as expeditiously as possible so that a judgment may be entered against

Defendants ordering them to compensate Plaintiffs for fraud and other improper conduct. Accordingly, this factor weighs against a stay.

6. The Interest of the Public Would Not Be Helped by a Stay

The interest of the public also militate against granting the instant Motion. Courts have recognized that denying stays "will best serve the interests of the public by ensuring that aggrieved parties are made whole as rapidly as possible." *Ebay*, 2010 U.S. Dist. LEXIS 23253, at *18. Here, obviously, the aggrieved parties would not be made whole as rapidly as possible, as any stay—especially when no criminal charges have been filed—means Plaintiffs could be subjected to a potentially interminable delay in pursuing their claims against Defendants. As such, the public interest would not be served by staying these proceedings.

## III. CONCLUSION

For the foregoing reasons, the relevant factors weigh decisively against imposing a stay on this litigation. Accordingly, Plaintiffs ask that the instant Motion be denied in its entirety.

Dated: September 9, 2015

| | |
|---|---|
| Pepper Hamilton LLP | Davis, Hatley, Haffeman, & Tighe, PC. |
| By /s/ *Jay A. Dubow* | By /s/ *Maxon R. Davis* |
| Jay A. Dubow | Maxon R. Davis |
| 3000 Two Logan Square | P. O. Box 2103 |
| Philadelphia, PA 19103-2799 | Great Falls, MT 59401 |
| | *Attorneys for Plaintiffs* |

# CERTIFICATE OF COMPLIANCE

I, Max Davis, hereby certify that the foregoing brief complies with the requirements of Local Rule 7.1(d)(2). The total word count in the brief is 2,494, excluding the caption the relevant certifications. I rely on the word count of the word-processing system used to prepare the brief.

Dated: September 9, 2015

*/s/ Maxon R. Davis*
Maxon R. Davis
Davis, Hatley, Haffeman, & Tighe, PC.
P.O. Box 2103
Great Falls, MT 59403-2103
*Attorneys for Plaintiffs*