IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION OF MONTANA, PLAIN GREEN, LLC, and FIRST AMERICAN CAPITAL RESOURCES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ZACKARY ROBERTS, RICHARD LEE BROOME, GORDON JONES and MARTIN MAZZARA, in their individual capacities, and DESTEL LLC, FRESH START MARKETING, LLC, and ENCORE SERVICES, LLC <br><br> Defendants. | CV 14-63-GF-BMM <br><br><br> ORDER |

## I. BACKGROUND

Encore Services, LLC initially initiated this dispute when it filed an action pursuant to a contractual arbitration agreement against the Chippewa Cree Tribe of the Rocky Boy's Reservation of Montana (the "Tribe"), First American Capital Resources, LLC ("FACR"), and Plain Green, LLC ("Plain Green"). (Doc. 88-1 at 2.) Defendants Zachary Roberts, Richard Lee Broome, Gordon Jones, and Martin

1

Mazzara (collectively "Individual Defendants") "effectively owned and controlled" Encore Services, LLC. *Id.* at 2-3. FACR and Plain Green represent tribally owned lending entities. (Doc. 1 at 7.) Encore Services, LLC initiated the arbitration action to enforce a contract known as the Fee Agreement. *Id.* at 3.

The Tribe, FACR, and Plain Green (collectively "Plaintiffs") filed counterclaims in the arbitration action against Encore Services, LLC. Plaintiffs alleged that Encore Services, LLC had engaged in fraudulent conduct. *Id.* The arbitrator agreed that the "Fee Agreement [had been] induced by fraudulent or material misrepresentations." *Id.* at 1. The arbitrator denied all of Encore Services's claims and awarded $1,181,128.79 in damages, $34,469.46 in costs, and $1,355,054.94 in attorneys' fees, to the Tribe, FACR, and Plain Green. *Id.* at 21.

Plaintiffs filed their Complaint in this Court against Individual Defendants, Destel, LLC ("Destel"), Fresh Start Marketing, LLC ("Fresh Start"), and Encore Services, LLC alleging fraud, conspiracy, and other wrongs. (Doc. 1.) Individual Defendants owned and controlled Destel and Fresh Start. (Doc. 1 at 4-6.) Individual Defendants also owned and controlled Encore Services Corporation ("ESC"). (Doc. 88-1 at 2.)

Plaintiffs assert that Individual Defendants failed to use a formal structure to delineate between DesTel, Fresh Start, Encore Services, LLC and ESC. Plaintiffs allege that Individual Defendants, through these business entities, have used a

2

series of agreements not approved by the Tribe to "illegally funnel millions of dollars" away from the Tribe, FACR, and Plain Green. (Doc. 1 at 7.)

Individual Defendants filed a motion for judgment on the pleadings for failure to join a required party and on the basis of res judicata. (Doc. 75.) Individual Defendants also filed an alternative motion for leave to join additional parties (Doc. 80.) Plaintiffs oppose both motions. (Doc. 88.)

## II. DISCUSSION

### A. Required Parties

A Court may dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Individual Defendants argue that Plaintiffs have failed under Rule 19 to join required parties. Specifically, Individual Defendants assert that ESC should be considered a required party.

Plaintiffs allege that ESC and the Tribe entered into an agreement known as the "Management Agreement." Plaintiffs allege that Individual Defendants used this Management Agreement to "bilk FACR out of millions of dollars for services that were not performed." (Doc. 88 at 20; Doc. 1 at 9-12.)

Individual Defendants also assert that tribal officials, Neal Rosette, Billi Ann Morsette, and Dr. James Eastlick, as well as Ideal Consulting, LLC ("Ideal") and Trio Consulting ("Trio") should be considered required parties. Eastlick and possibly other tribal members owned and controlled Ideal and Trio. Plaintiffs

allege that Individual Defendants used agreements, including an agreement known as the Joint Venture Agreement, to make unauthorized payments to Eastlick and tribal officials through Ideal and Trio.

Plaintiffs filed this action on August 28, 2014. All of the Individual Defendants, and Destel, Fresh Start, and Encore Services, LLC filed answers and amended answers. The Court's scheduling order set April 24, 2015, as the deadline to amend the Complaint and join additional parties. Individual Defendants filed this motion on November 2, 2015.

The Court first must determine whether ESC, Rosette, Morsette, Eastlick, Ideal, and Trio (collectively the "Omitted Parties") should be considered required parties under Rule 19(a)(1). *Alto v. Black*, 738 F.3d 1111, 1125-26. The Court considers a party required if: (1) it cannot accord "complete relief among existing parties" in the party's absence, or (2) the party claims an interest relating to the subject of the action and proceeding with the suit in the party's absence would "impair or impede" the party's ability to protect that interest, or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Black*, 738 F.3d at 1125-26 (quoting Fed. R. Civ. P. 19(a)).

"It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7

4

(1990). A defendant's possible right of contribution against a missing party does not require that party's joinder under Rule 19. *ASARCO LLC v. A. Richfield Co.*, 2012 WL 5995662, at *4 (D. Mont. Nov. 30, 2012). Individual Defendants argue that the Omitted Parties should be held at least partially responsible for the wrongs committed against Plaintiffs. Individual Defendants essentially have stated a potential contribution claim against the Omitted Parties. The Court could accord complete relief to Plaintiffs without the joinder of the Omitted Parties or any other potentially responsible parties. *Temple*, 498 U.S. at 7.

The Court next determines whether the Omitted Parties have claimed an "interest relating to the subject of the action." Fed. R. Civ. P. 19(1)(B). This prong requires that the Court identify specific interests of the Omitted Parties. *Ward,* 791 at 1049-51. The Ninth Circuit has required that the interest "be more than a financial stake, and more than speculation about a future event." *Id.* at 1051 (quoting *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002)). Defendants have failed to identify any specific legal interests of an Omitted Party that may be affected by proceeding with this action. Defendants have alleged, in effect, that the Omitted Parties could face potential liability in a future proceeding. Defendants have not demonstrated that the Omitted Parties should be considered required parties under Rule 19. Fed. R. Civ. P. 19.

## B. Res Judicata

Res Judicata prohibits lawsuits on "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotations omitted). Res judicata bars a claim when the following exist: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity of privity between parties." *Id.*

The Ninth Circuit has examined the following four factors to determine whether claims are identical: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantively the same evidence is presented in the two actions." *ProShopLine Inc. v. Aspen Infrastructures, Ltd.*, 594 F.3d 681, 688 (9th Cir. 2010).

Individual Defendants allege that Plaintiffs' counterclaims in the arbitration proceeding and Plaintiffs claims in this litigation share a transactional nucleus of facts. Plaintiffs allege the same seven legal theories in both proceedings. (Doc. 1; Doc. 1-1 at 14.) The Final Award in the arbitration proceeding, addressed only claims related to the Fee Agreement. Encore Services, LLC initiated the arbitration to enforce the Fee Agreement. (Doc. 1-1 at 3.) The Final Award in the arbitration

proceeding "determine[d] claims and counterclaims relating to a Fee Agreement." (Doc. 1-1 at 1.)

This litigation involves Defendant's conduct that occurred beyond the Fee Agreement, including actions allegedly facilitated through two different agreements— the Management Agreement and the Joint Venture Agreement. Plaintiffs allege that Individual Defendants, through their business entities, used these agreements to defraud the Tribe of millions of dollars for services that went unperformed and to conceal improper payments to tribal officials.

Plaintiffs raised issues in the arbitration proceeding related to the claims made in the present litigation. The claims in the Complaint go beyond those addressed, however, by the Final Award in the arbitration proceeding. The present litigation may share some of the same "nucleus of facts" as the arbitration proceeding. It appears that Plaintiffs intend to produce evidence regarding the Management Agreement and the Joint Venture Agreement that would go beyond the evidence considered by the arbitrator in making an award based on the fraudulent conduct related to the Fee Agreement. Furthermore, the rights and interests established in the prior arbitration, pertaining to the Fee Agreement, will not be impaired by the Court's review of conduct beyond the Fee Agreement. The Court can off-set, if necessary, any awards that would duplicate those damages awarded in the arbitration proceeding, if necessary.

7

**IT IS ORDERED** that:

Individual Defendants' Motion for Judgement on the Pleadings for Failure to Join a Required Party and Res Judicata (Doc. 75) is **DENIED**.

Individual Defendants' Motion for Leave to Join Additional Parties (Doc. 80) is **DENIED**.

DATED this 17th Day of December, 2015.

/s/ Brian Morris
Brian Morris
United States District Court Judge